UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMILITA A. WALKER,                        :
                                            :
                    Plaintiff,              :
                                            :
         v.                                 :        **MEMORANDUM & ORDER**
                                            :        20-CV-4426 (WFK)
COMMISSIONER OF SOCIAL SECURITY,            :
                                            :
                    Defendant.              :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**
Before the Court is Plaintiff's motion for fees in the total amount of $14,339.00, representing
$13,734.00 in attorney's fees and $60.00 in paralegal fees as initially requested and $545.00 in
attorney's fees for the additional time spent preparing a reply to defend this fees motion,
pursuant to the Equal Access to Justice Act ("EAJA").  For the reasons to follow, Plaintiff's
motion is GRANTED.

## BACKGROUND

On September 21, 2020, Carmilita A. Walker ("Plaintiff") filed a Complaint seeking

judicial review of the Social Security Administration ("SSA") decision denying her application

for disability insurance benefits and supplemental security income. *See* Complaint, ECF No. 1.

On November 3, 2021, by stipulation of the parties and pursuant to the authority of the Court

under the fourth sentence of 42 U.S.C. § 405(g), the Court reversed the decision by the

Commissioner of Social Security ("Commissioner") and remanded the case for further

administrative proceedings.  Stipulation and Order, ECF No. 23.

On January 31, 2022, Plaintiff filed the instant motion for attorney's fees, seeking a total

award of $13,794.00, consisting of 63 hours of attorney work at an hourly rate of $218.00 and

0.6 hours of paralegal work at an hourly rate at $100.00.  Berger Decl. ¶¶ 6, 8–9, ECF No. 28.

The Defendant opposed the motion, requesting a reduction of the fee on the basis that the

number of hours worked was excessive and unreasonable under the circumstances.  Def. Opp. at

2, ECF No. 32.  Plaintiff filed a reply in further support of the motion and also requested $545.00

in additional attorney's fees for the 2.5 hours spent preparing the reply in further support of this

fee motion, for a total award of $14,339.00 in fees.  Pl. Reply at 6, ECF No. 33.

## DISCUSSION

Under the EAJA, "a party prevailing against the United States in court, including a

successful Social Security benefits claimant, may be awarded fees payable by the United States

if the Government's position in the litigation was not 'substantially justified.'"  *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(B)).  EAJA fees are not

determined as a percentage of the amount recovered, but rather "by the 'time expended' and the

attorney's '[hourly] rate.'"  *Id.* (quoting 28 U.S.C. § 2412(d)(1)(B)) (alteration in original).  The

Defendant does not oppose an award of EAJA fees in this case, nor to the requested paralegal

fees totaling $60.00.  Defendant's sole contention is that the amount of attorney time expended

was excessive and unreasonable.  Defendant thus asks the Court to reduce the total attorney

hours for the purpose of the fee calculation.

The EAJA provides the amount of the fees awarded "shall be based upon prevailing

market rates for the kind and quality of the services furnished, except that . . . attorney fees shall

not be awarded in excess of $125 per hour unless the court determines that an increase in the cost

of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The requested fee

award represents an hourly rate of $218.00, which Plaintiff asserts is justified given the increase

in the cost of living since the $125.00 rate was set in 1996.  Berger Decl. ¶ 8.  Plaintiff submits

that the cost of living between the effective date of the statute in March 1996 and the

commencement of Plaintiff counsel's work on this case in September 2020 has increased  by

2

more than 63%, according to the Bureau of Labor Statistics Consumer Price Index. *Id.* This

proposed cost of living increase applied to the statutory rate of $125.00 per hour results in an

hourly rate of $218.00. *Id.* Defendant has not objected to the adjusted hourly rate, and the Court

finds this rate reasonable. *See Cruz v. Saul*, No. 21-CV-1191 (EK) (LB), 2022 WL 3084597, at

*2 (E.D.N.Y. July 6, 2022) (Bloom, Mag. J.) (finding a $218.00 hourly rate reasonable based on

the use of the Bureau of Labor Statistics Consumer Price Index to adjust the statutory rate for

inflation since 1986), *report and recommendation adopted sub nom. Cruz v. Comm'r of Soc.*

*Sec.*, No. 21-CV-1191 (EK) (LB), 2022 WL 3083640 (E.D.N.Y. Aug. 3, 2022) (Komitee, J.);

*accord Garcia v. Comm'r of Soc. Sec.*, No. 20-CV-7201 (AEK), 2022 WL 1684280, at *2

(S.D.N.Y. May 26, 2022) (Krause, Mag. J.) (finding a rate of $222.00 per hour reasonable);

*Denise Hairston, Plaintiff, v. Comm'r of Soc. Sec., Defendant.*, No. 20-CV-5600 (KHP), 2022

WL 3700143, at *2 (S.D.N.Y. Aug. 26, 2022) (Parker, Mag. J.) (finding a $220.00 hourly rate

reasonable).

The Court has broad discretion in determining whether the amount of time expended by

plaintiff's counsel was reasonable. *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d

Cir. 1986). "District courts in this Circuit generally hold that twenty to forty hours is a

reasonable expenditure of counsel time for routine social security cases." *Barbour v. Colvin*, 993

F. Supp. 2d 284, 290 (E.D.N.Y. 2014) (Spatt, J.) (quoting *Sava v. Comm'r of Soc. Sec.*, No. 06-

CV-3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) (Karas, J.)) (citing

cases); *see also Padula v. Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015) (summary order).

However, attorney's fees in excess of forty hours have been awarded in this circuit "where the

facts of the specific case warrant such an award." *Id.* (quoting *Dabul-Montini v. Astrue*, No. 09-

CV-0966, 2011 WL 1541363, at *2 (N.D.N.Y. Apr. 21, 2011)) (citing cases). Factors justifying

a larger award "include the factual, substantive, and procedural complexity of the case; the size

of the administrative record; and the efficacy of the attorney's efforts." *Stewart v. Comm'r of

Soc. Sec.*, No. 12-CV-3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014) (Nathan, J.)

(internal citations omitted).

Here, Defendant concedes the voluminous 2,873-page administrative record and

Plaintiff's counsel's 38-page opening brief supports an above-average EAJA fee.  However,

Defendant argues counsel's representation of Plaintiff at the administrative level, his substantial

experience as a Social Security disability attorney, the lack of a reply brief, and the lack of

"difficult or complex legal or factual issues" weighs against the reasonableness of 63 hours of

attorney work.  Def. Opp. at 4.

Courts within the Second Circuit have routinely found substantially shorter

administrative records than the one present here to be lengthier than average. *See, e.g., Santiago

v. Comm'r of Soc. Sec.*, No. 19-CV-4001 (KPF) (KNF), 2020 WL 7335310 at *4 (S.D.N.Y. Dec.

14, 2020) (Failla, J.) (considering a 1,113-page record "larger than average"); *Daily v. Comm'r

of Soc. Sec.*, No. 18-CV-1080 (AT) (KNF), 2020 WL 1322528 at *3 (S.D.N.Y. Mar. 19, 2020)

(Fox, Mag. J.) (finding 68.3 hours reasonable, citing to the "unusually voluminous" 900-page

record); *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006) (finding 95.5 hours

of attorney time reasonable due in part to the 1,100-page record).  The Court also concludes the

significant experience Plaintiff counsel has with Social Security cases "would not substantially

reduce the time necessary to review the record and synthesize the information contained therein

into a comprehensive statement of facts and arguments with citations to the record." *Santiago v.

Comm'r of Soc. Sec.*, 2020 WL 7335310 at *4.  The "efficacy of the attorney's efforts," *Stewart*,

2014 WL 2998530, at *3, also weighs in favor of the fee requested here, as the parties agreed to

4

a reversal of the Commissioner's final decision and to remand the action to the agency for further proceedings. Finally, an application for EAJA fees may properly include the time spent preparing and defending the fee motion, and the Court finds the time expended here reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion and awards a total of \$14,339.00 in EAJA fees. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 26.

SO ORDERED.

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2022
Brooklyn, New York

5